# UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| WHITESELL INTERNATIONAL CORPORATION, d/b/a PROFILE STEEL AND WIRE, | ) ) ) ) | CIVIL NO. 4:09-CV-00261- JEG-TJS |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| SMITH JONES, INC., d/b/a MIDWEST MFG. CO., | ) ) ) ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 636(b)(1), this magistrate judge recommends that default be entered against Defendant Smith Jones, Inc. d/b/a Midwest Manufacturing, Co., and that a hearing be scheduled on the issue of damages and judgment.

The Court has earlier granted the Motion to Withdraw as Counsel for Defendant Smith Jones, Inc. as to the lawyers from the firms of Foley & Lardner, LLP and Shuttleworth & Ingersoll, P.L.C. for reasons identified in the Court's order of March 15, 2011 (Clerk's No. 25).

In that order, Defendant Smith Jones, Inc. was permitted 21 days from March 15, 2011 to have new counsel enter an appearance in this case. Additionally, in that order this magistrate judge advised defendant that a failure to comply with the order would result in this magistrate judge filing a Report and Recommendation that default be entered against defendant.

Defendant has wholly failed and refused to comply with the Court's order of March 15, 2011.

The Court notes that on April 6, 2011 (Clerk's No. 27), plaintiff has filed for default judgment.

The filing of that motion in no way affects this Report and Recommendation.

The parties have to and including **April 29, 2011**, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Dated:     April 19, 2011                    Respectfully submitted,

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE